IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-20072-05-JWL |
| | ) | |
| CLARISSA BURGOON | ) | |
| a.k.a. CHRISSY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

### I.  Background

In April 2008, Ms. Clarissa Burgoon pled guilty to conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i), (h).  Ms. Burgoon signed a plea agreement in which she waived the right to appeal her sentence if it fell within the range recommended by the sentencing guidelines and the right to challenge her sentence by collaterally attacking it pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).  In July 2008, Ms. Burgoon was sentenced to a 240-month term of imprisonment.

In June 2009, Ms. Burgoon filed a petition to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 (Doc. #473).   In her petition, Ms. Burgoon contends that (1) the government breached the plea agreement by failing to recommend a reduction for acceptance of responsibility, thereby invalidating the entire agreement and (2) she

received ineffective assistance of counsel in connection with the negotiation of her plea agreement.  In response, the government filed a motion to enforce the waiver contained in the plea agreement (Doc. #480), asserting that it did not breach the plea agreement and that the claims alleged in Ms. Burgoon's § 2255 motion fall within the waiver of rights contained in the plea agreement.  As to the latter, the government specifically contends that any alleged ineffective assistance of counsel did not occur in connection with negotiation of the plea agreement and therefore falls outside the limitations of *Cockerham*.  The government also asserts that this Court should enforce the waiver contained within the plea agreement because it was knowingly and voluntarily entered into, and enforcing it would not result in a miscarriage of justice.

For the reasons given below, the Court concludes that the government did not breach the plea agreement.  In addition, the Court finds that Ms. Burgoon's ineffective assistance claim does not satisfy the two-prong test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and that enforcement of the waiver will not result in a miscarriage of justice.  Thus, Ms. Burgoon's petition is denied and the government's motion to enforce is granted.

## II.  Analysis

A.  Breach of the Plea Agreement

If the government breached its obligations under the plea agreement, Ms. Burgoon's waiver of rights may not be enforced.  *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008).  There is a two-step analysis for determining whether the government breached a plea agreement: the Court (1) "examines the nature of the promise and (2) evaluates the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea."  *United States v. Villa-Vazquez*, 536 F.3d 1189, 1196 (10th Cir. 2008) (*quoting United States v. Guzman*, 318 F.3d 1191, 1195-96 (10th Cir. 2003)).  The government's obligations under the plea agreement are defined by "general principles of contract law," looking to the express language of the agreement.  *Id*.  Moreover, any ambiguities are construed against the government, as the drafter of the agreement.  *Id*.

Under the terms of the plea agreement, the government agreed to recommend to the Court that Ms. Burgoon receive a two level reduction for acceptance of responsibility. (Doc. #312 at 8).  Moreover, the government agreed to request an additional one level reduction for acceptance of responsibility if Ms. Burgoon's offense level turned out to be 16 or greater, because Ms. Burgoon "timely notified the government of her intention to enter a plea of guilty."  (Doc. #312 at 8).  The Court reduced Ms. Burgoon's sentence by two levels, but the government did not request the additional one level reduction although

Ms. Burgoon's applicable offense level was greater than 16.  Ms. Burgoon therefore

received only a two level reduction for acceptance of responsibility.  (Doc. #414 at 24).

However, the government did not breach the plea agreement with Ms. Burgoon by

refusing to recommend the additional one level reduction for acceptance of responsibility.

The plea agreement explicitly states that the government's obligation to recommend such

a reduction is "contingent upon the defendant's continuing manifestation of acceptance of

responsibility as determined by the United States."  (Doc. #312 at 8).  Moreover, the plea

agreement permits the government to withdraw its recommendation if Ms. Burgoon

"denies or gives conflicting statements as to her involvement, falsely denies or

frivolously contests relevant conduct that the court determines to be true, willfully

obstructs or impedes the administration of justice…or engages in additional criminal

conduct…"  (Doc. #312 at 8-9).  The government asserts that Ms. Burgoon's conduct

during sentencing demonstrated she no longer continued to accept responsibility for her

actions.  In particular, the government contends that she testified falsely and frivolously

contested the scope of her involvement in the conspiracy.  In support of this proposition,

the government points to the Court's finding that Ms. Burgoon testified untruthfully

about her involvement in the conspiracy[1] and the fact the Court considered denying Ms.

Burgoon any reduction for acceptance of responsibility and instead enhancing her

---

[1] The Court concluded during sentencing that Ms. Burgoon "lied in her testimony to the
Court about her involvement in the conspiracy."  (Doc. # 414 at 24).

sentence for obstruction of justice.[2]  The Court agrees that the government did not breach the plea agreement by refusing to recommend the reduction because the plea agreement made the government's promise to recommend a reduction contingent upon Ms. Burgoon testifying truthfully and the Court did find that Ms. Burgoon testified falsely during sentencing.  *See United States v. Wilson*, 268 Fed. App. 804, 807, 2008 WL 681740, at *3 (10th Cir. Mar. 11, 2008) (unpublished opinion) (concluding the government did not breach the plea agreement when it refused to recommend a reduction for acceptance of responsibility because the court found the defendant perjured herself at the sentencing hearing and did not accept responsibility for her crimes) and *United States v. Macias*, 229 Fed. Appx. 683, 685, 2007 WL 1054691, at * 2 (10th Cir. April 10, 2007) (unpublished opinion) (noting that the government did not breach the plea agreement by objecting to a reduction based upon acceptance of responsibility when the defendant made a statement to a probation officer that "grossly minimize[ed] his involvement" and amounted "to an outright denial of responsibility"), *cert. denied*, 128 S. Ct. 249 (2007).  *See also United States v. Rodriguez-Rivera*, 518 F.3d at 1213-14 (holding the government did not breach the plea agreement by recommending against a reduction for acceptance of responsibility where the defendant falsely contested relevant conduct found to be true).

---

[2] The Court noted at sentencing that it could deny her any reduction for acceptance of responsibility and could enhance her sentence for obstruction of justice based.  However, the Court found that the issue was "moot in light of the statutory maximum sentence" for her crime and the fact that the advisory guideline sentencing range would result in a sentence in excess of the statutory maximum.  (Doc. # 414 at 24).

B.  Enforceability of the Waiver

Because the government did not breach the plea agreement with Ms. Burgoon, the Court must determine whether the waiver provision within the plea agreement bars Ms. Burgoon's claims of ineffective assistance of counsel.  The court will hold a defendant and the government to the terms of a lawful plea agreement.  *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998).  Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable.  *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).  The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver, in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam), *cert. denied*, 129 S. Ct. 212 (2008).

*Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement.  *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328.  The provision in the plea agreement by which Ms. Burgoon waived her right to collaterally attack her sentence states as follows:

The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release).  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change her sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

(Doc. #312 at 11-12).

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when [s]he entered [her] plea."  *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).  The court strictly construes the

waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Ms. Burgoon waived her right to collaterally attack a sentence within the guideline range through a § 2255 motion, except for claims of ineffective assistance of counsel related to the negotiation of the plea or waiver under *United States v. Cockerham*. *Cockerham*, 237 F.3d at 1183. Ms. Burgoon asserts that she received ineffective assistance of counsel in negotiating the plea agreement because her attorney failed to properly advise her of the sentence she could receive. According to Ms. Burgoon, her attorney led her to believe she would receive a sentence between twenty-four and forty-six months, while she in fact faced a possible sentence of twenty years. Moreover, Ms. Burgoon alleges her counsel failed to fully explain to her the ramifications of waiving her rights to appeal and collaterally attack the sentence imposed. Ms. Burgoon contends these claims of ineffective assistance fall within the scope of the exception in *United States v. Cockerham* for claims of ineffective assistance in negotiation of the plea agreement. Therefore, she argues that her claims do not fall within the scope of the waiver she executed. On the other hand, the government asserts that Ms. Burgoon's claim of ineffective assistance based upon her attorney's failure to properly advise her of the sentence she faced falls outside of the scope of *Cockerham*, citing to the Tenth Circuit's decision in *United States v. Kutilek.*

*Cockerham* permits a defendant in a § 2255 petition to assert an ineffective assistance of counsel claim provided it relates to the negotiation of the plea agreement.

In *United States v. Kutilek*, the Tenth Circuit addressed a claim of ineffective assistance of counsel based partially upon counsel's failure to explain to the defendant the mandatory minimum sentence he faced if convicted.  260 Fed. Appx. 139, 146-47, 2008 WL 109343, at *5 (10th Cir. Jan. 11, 2008) (unpublished opinion).  However, unlike the defendant's other claims for ineffective assistance, the Tenth Circuit did not state that the claim for failure to explain the mandatory minimum sentence fell outside of the scope of *Cockerham*.  Rather, the Tenth Circuit addressed the matter on the merits, noting that (1) such a claim could not "rise to the level of ineffective assistance of counsel" and (2) the evidence directly contradicted the defendant's contention that he would not have pled but for the failure to advise him, because he had otherwise been informed of the applicable statutory minimum.  *Id.*  (quoting *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993)).  Likewise, the Court finds that Ms. Burgoon's claims of ineffective assistance based upon her attorney's failure to inform her of the applicable maximum sentence and the ramifications of the waiver fall within the scope of *Cockerham*.  Therefore, the Court discusses those claims on the merits, below.

*Knowing and Voluntary*

For a waiver to be enforceable, the defendant must have knowingly and voluntarily waived her appeal rights.  *Hahn*, 39 F.3d at 1325.  Ms. Burgoon alleges that her plea was neither knowing nor voluntary because her counsel failed to explain to her either the consequences of the waiver or the maximum sentence she faced, resulting in her being unable to make an informed choice.  She contends her attorney did not tell her

she could be charged "with the entire conspiracy" and that he told her the "worst case scenario" she faced was a sentence at the high end of the guidelines range.  Moreover, Ms. Burgoon argues she did not truly understand the rights she waived, such as the meaning of "collateral attack."  When Ms. Burgoon questioned her attorney about the waiver, he allegedly explained that she would not be unhappy with her sentence and that the waiver was therefore irrelevant.  In addition, she states her attorney induced her to sign the plea agreement by making her fear that she would otherwise not see her children again and would receive a sentence comparable to that of her co-defendant.

In determining whether an appellate waiver was made knowingly and voluntarily, the Court looks primarily to two factors: whether the plea agreement states that the defendant entered the agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy.  *Hahn*, 359 F.3d at 1325.  Both conditions are satisfied here. The plea agreement signed by Ms. Burgoon states that she "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed..."  (Doc. # 312 at 11).  *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that the defendant failed to show the waiver was unknowing and involuntary partly because the broad waiver provided the defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").  Moreover, Ms. Burgoon acknowledged that she read the agreement, that she understood it, that it was not the result of threats of

10

coercion, and that she entered into the agreement and pled guilty "freely and voluntarily." (Doc. #312 at 13-14).

In addition, during the plea colloquy, the Court inquired into whether Ms. Burgoon understood the terms of the plea agreement and explained to her the consequences of the waiver provision.  Ms. Burgoon acknowledged that she understood the waiver and was willingly waiving her rights to appeal or collaterally attack the sentence imposed as part of the plea agreement.[3]  Her affirmation in court of her understanding of the waiver and willing acceptance of it carries a strong presumption of truth.  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of veracity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible") (citing *Machibroda v. United States*, 368 U.S. 487, 495-96 (1962) and *Price v. Johnston*, 334 U.S. 266, 286-87 (1948), *overruled on other grounds by McCleskey v. Zant*, 499 U.S. 467 (1991).  *See also United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003) (the "content of a defendant's waiver of appeal rights can be made known to him…through the colloquy with the court required by Federal Rule of Criminal Procedure 11").

---

[3] The Court explained to Ms. Burgoon the concept of collateral attack and asked whether she understood she was giving up that right.  Ms. Burgoon replied "yes."  The Court then inquired into whether giving up that right was something Ms. Burgoon was "willing to do" and she replied "yes."  (Doc. #425 at 20-21).

*Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in connection with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful. *Hahn*, 359 F.3d at 1327. For a waiver to be otherwise unlawful, there must be an error that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993). Ms. Burgoon has the burden to show that enforcement of the plea waiver will result in a miscarriage of justice. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

Ms. Burgoon contends that she received ineffective assistance of counsel because (1) her attorney failed to inform her of the applicable twenty-year statutory maximum sentence, instead leading her to believe she would receive a sentence between twenty-four and forty-six months, and (2) her attorney did not sufficiently explain to her the scope or consequences of the waiver she executed of the rights to appeal and collaterally attack her sentence. The Court construes these assertions as claims of ineffective assistance of counsel in conjunction with the negotiation of the plea. Such claims are expressly excluded from the waiver executed by Ms. Burgoon. *See United States v. Cockerham*, 237 F.3d at1187 (defendant cannot waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver). Nonetheless, the Court concludes Ms. Burgoon cannot demonstrate that she

received ineffective assistance of counsel in the negotiation of the plea agreement because the Court informed her of all matters she contends her attorney failed to explain to her.

The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under that test, Ms. Burgoon must first demonstrate that her counsel's performance was deficient, in that it "fell below an objective standard of reasonableness."   *Id*. at 688.  Second, Ms. Burgoon must demonstrate that she was prejudiced by counsel's deficient performance.  In the context of a guilty plea, this requires showing a reasonable probability that "but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  The Court concludes that Ms. Burgoon has failed to show she suffered prejudice from any allegedly deficient performance of her counsel.  *See Walker v. Gibson*, 228 F.3d 1217, 1231 (10th Cir. 2000) (court need not address whether counsel's performance was deficient if petitioner cannot demonstrate prejudice), *abrogated on other grounds by Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001).  *See also United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007) (same) (citing *Strickland*, 466 U.S. at 697), *cert. denied,* 128 S. Ct. 1922 (2008).

First, Ms. Burgoon asserts that she lacked constitutionally sufficient counsel because her attorney did not apprise her of the maximum sentence she faced.  However, Ms. Burgoon was otherwise informed of the applicable sentence from the express

language of the plea agreement and from the plea colloquy with the Court.  The plea

agreement explicitly states that the maximum sentence that could be imposed based upon

the charge to which she pled guilty is "not more than 20 years imprisonment, not more

than a $500,000 fine, not more than 3 years of supervised release, and a $100 mandatory

special assessment."  (Doc. #312 at 1).  Ms. Burgoon affirmed that she read the plea

agreement and understood it.  (Doc. #312 at 13).  Moreover, during the plea colloquy, the

Court explained to Ms. Burgoon that the maximum sentence of imprisonment for the

offense was twenty years, and Ms. Burgoon affirmed her understanding.[4]  The Court also

explained to Ms. Burgoon that it could not tell her precisely what her sentence would be,

and that her attorney could not make any promises or guarantees to her about the length

of her sentence.  She confirmed to the Court that she understood.  (Doc. #425 at 13-14).

Ms. Burgoon further confirmed to the Court that her counsel had not made any promise

or guarantee that she would receive a particular sentence.  (Doc. #425 at 14).  Finally,

Ms. Burgoon affirmed in the plea agreement her understanding that the sentence to be

imposed would be determined "solely by the United States District Judge." (Doc. #312 at

9).  For these reasons, the Court concludes Ms. Burgoon failed to establish she suffered

prejudice from any alleged failure of her counsel to inform her of the applicable

maximum sentence.  *See United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005)

(rejecting an ineffective assistance claim based on counsel's advice that the defendant

---

[4]  The Court explained as follows: "I want to go over with you the punishment that you
could receive as a result of being found guilty of this charge.  With regard to
imprisonment, the statute under which you are charged provides for not more than 20
years in prison."  Ms. Burgoon affirmed that she understood when questioned.  (Doc.
#425 at

was facing a much shorter sentence than he actually received because the defendant acknowledged in his plea agreement and during the plea colloquy that he understood sentencing would be discretionary) *and United States v. Hamilton*, 410 F.3d at 1216-17 (rejecting an ineffective assistance claim based on counsel's failure to explain the sentencing effect of the career offender guidelines because the court informed the defendant of the possible penalties and the defendant affirmed his understanding of the maximum sentence and that the court could impose a greater sentence than expected) (*citing United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993) and *Bethel v. United States*, 458 F.3d 711, 718-19 (7th Cir. 2006)). *See also United States v. Kutilek*, 260 Fed. Appx. at 146-47 (concluding the defendant could not establish prejudice based upon counsel's failure to advise him of the mandatory minimum sentence where he was informed of the applicable statutory minimum by the language in the plea agreement and by the court, and he acknowledged his understanding and agreed he would still be bound by the plea even if the sentence imposed was more severe than he expected).

Second, Ms. Burgoon alleges that she received constitutionally deficient counsel because her attorney failed to truly explain to her the rights she gave up pursuant to the plea agreement. For example, Ms. Burgoon contends that she did not understand the meaning of "collateral attack." However, the Court fully explained to Ms. Burgoon the consequences of the waiver, including the waiver of her right to collaterally attack the

sentence.[5]  Ms. Burgoon confirmed that she accepted those consequences voluntarily.

Therefore, Ms. Burgoon cannot establish that she suffered prejudice from her counsel's

alleged failure to explain the consequences of executing the waiver, as she was otherwise

informed of the rights she waived.  *See United States v. Hamilton*, 510 F.3d at 1216-17

(*citing United States v. Gordon*, 4 F.3d at 1571 and *Bethel v. United States*, 458 F.3d at

718-19).

Lastly, there is no other basis for concluding that enforcement of the waiver would

result in a miscarriage of justice.  Ms. Burgoon has not asserted that the Court acted in

reliance upon her race, that the sentence exceeded the statutory maximum or that the

waiver is otherwise unlawful.  Therefore, enforcement of the waiver will not result in a

miscarriage of justice.

## III. Conclusion

For the foregoing reasons, the Court denies Ms. Burgoon's claim that she received

ineffective assistance of counsel in connection with the negotiation of her plea.  Having

---

[5] The Court explained collateral attack as follows: "collateral attack is another way that a person can get back before a Judge to challenge the legality or constitutionality of their sentencing.  In federal court, it's usually done by what's called a Section 2255 Petition. But that also sometimes goes under the name habeas corpus or other statutory section numbers or other titles, things like that.  But the point is, it is a way to challenge your sentence."  (Doc. # 425 at 20-21).  After the Court explained to Ms. Burgoon that she would give up that right under the terms of the plea agreement, she affirmed that she wanted to do so.  (Doc. #425 at 21).

concluded that enforcing the waiver contained in Ms. Burgoon's plea agreement will not result in a miscarriage of justice, the Court grants the government's motion to enforce.

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Burgoon's motion to vacate, set aside or correct her sentence  pursuant to 28 U.S.C. § 2255 (Doc. #473) is denied and the government's motion to enforce Ms. Burgoon's plea agreement (Doc. #480) is granted.

**IT IS SO ORDERED** this  6th  day of October, 2009.

s/ John W. Lungstrum
John W. Lungstrum
U.S. District Judge