# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

  **Plaintiff,**

**v.**                Case No. 07-20072-05-JWL

**Clarissa Burgoon,**

  **Defendant.**

## MEMORANDUM & ORDER

In April 2008, defendant Clarissa Burgoon pled guilty to conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i), (h). In July 2008, the court sentenced Ms. Burgoon to a 240-month term of imprisonment. This matter is now before the court on Ms. Burgoon's motion for modification of her sentence (doc. 573) pursuant to *United States v. Pepper,* 131 S. Ct. 1229 (2011) and Ms. Burgoon's assertion that she has received and benefitted from post-sentencing rehabilitation programs. The motion is denied.

In *Pepper,* the Supreme Court held that when a defendant's sentence has been set aside on appeal, a court at resentencing may consider evidence of postsentencing rehabilitation. *Id.* at 1236. As noted by the Tenth Circuit, however, *Pepper* does not suggest that a court can resentence a defendant in the absence of an appellate decision invalidating the original sentence. *United States v. Jones*, 515 Fed. Appx. 783, 784 (10th Cir. May 31, 2013) (affirming district court's denial of motion for sentence modification and concluding that *Pepper* did not authorize court to reduce a valid sentence already imposed where sentence was not set aside on appeal).

In her reply brief, Ms. Burgoon advances additional arguments in support of her request for a sentence reduction, but the court is not authorized to reduce Ms. Burgoon's sentence simply because she believes the sentence is too lengthy or because she engaged in what she describes as exemplary conduct while on pre-trial release. The cases cited by Ms. Burgoon concern either sentencing considerations made at the initial sentencing hearing (not the case here) or sentencing considerations made in the context of a § 2255 motion (also not the case here). Ms. Burgoon also asserts, for the first time, that the court should have held an evidentiary hearing on her § 2255 motion—a motion that was denied more than four years ago. Ms. Burgoon never sought reconsideration of the court's order denying her § 2255 motion and it is clearly too late to do so now.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Burgoon's motion for modification of her sentence (doc. 573) is denied.

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
