IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

   **Plaintiff,**

v.              Case No. 07-20072-05-JWL

**Clarissa Burgoon,**

   **Defendant.**

## MEMORANDUM & ORDER

In April 2008, defendant Clarissa Burgoon pled guilty to conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i), (h).  After hearing evidence at Ms. Burgoon's sentencing hearing, the court determined that she was responsible for the entirety of the drug quantity attributable to her co-conspirator in the underlying drug conspiracy—more than 33 pounds of methamphetamine.  Using the drug quantity table in § 2D1.1, the court determined that Ms. Burgoon's base offense level was 38, which the court then increased by two points under § 2S1.1(b)(2)(B) and subsequently decreased by two points for acceptance of responsibility for a total offense level of 38.  With a criminal history category of III, the resulting advisory guideline range was calculated at 292 to 365 months, in excess of the 240-month statutory maximum for the crime to which she pled guilty.  The court sentenced Ms. Burgoon to the statutory maximum of 240 months.

This matter is before the court on Ms. Burgoon's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which she asks the court to reduce her sentence based on Amendment 782 to the United States Sentencing Guidelines which took effect on November 1,

2014 and lowers the base offense levels in the Drug Quantity Table. Under the amended guidelines, Ms. Burgoon's base offense level for the same drug quantities is 36 and her total offense level is 36. With a criminal history category of III, her amended guideline range is 235 months to 293 months imprisonment. In her motion for reduction, then, Ms. Burgoon seeks a 5-month reduction in her sentence to 235 months, or the low-end of the amended range. In response, the government does not dispute that a reduction in this case is authorized, but contends that a reduction is not warranted. As will be explained, Ms. Burgoon's motion is denied.

Following the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), the Tenth Circuit has recognized that § 3582(c)(2) "prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*." *United States v. White,* 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original). Because the government does not dispute that a sentence reduction is authorized in this case, only the second question is at issue here. In determining whether a sentence is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety." *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014) (citations omitted).

At Ms. Burgoon's sentencing hearing in July 2008, the court indicated that it likely would have sentenced Ms. Burgoon to a higher sentence but for the statutory maximum. In that regard,

the court stated that it believed that Ms. Burgoon lied in her testimony to the court about her involvement in the conspiracy and that the court, based on that testimony, could have denied Ms. Burgoon any acceptance of responsibility and could have enhanced her for obstruction of justice.  The court further noted that Ms. Burgoon showed no remorse; cheated the public by obtaining public assistance during the time she was "awash in drug money," and acted out of "all-consuming greed."  In the end, the court recognized that any adjustments were "moot" in light of the statutory maximum sentence of 240 months but emphasized that Ms. Burgoon was receiving a "good deal" in large part because she had the good fortune of a lawyer who was able to obtain a plea agreement to an offense with a 20-year mandatory maximum sentence.

Because the court likely would have sentenced Ms. Burgoon to a higher sentence but for the statutory maximum, the court is not persuaded that a reduction is appropriate even though a modest reduction is authorized.  Ms. Burgoon's motion, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Burgoon's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 605) is denied.

**IT IS SO ORDERED.**

Dated this 4th day of August, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3