IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

**v.**                 Case No. 07-20072-05-JWL

**Clarissa Burgoon,**

   **Defendant.**

## MEMORANDUM & ORDER

In April 2008, defendant Clarissa Burgoon pled guilty to conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i), (h). After hearing evidence at defendant's sentencing hearing, the court determined that she was responsible for the entirety of the drug quantity attributable to her co-conspirator in the underlying drug conspiracy—more than 33 pounds of methamphetamine. Using the drug quantity table in § 2D1.1, the court determined that defendant's base offense level was 38, which the court then increased by two points under § 2S1.1(b)(2)(B) and subsequently decreased by two points for acceptance of responsibility for a total offense level of 38. With a criminal history category of III, the resulting advisory guideline range was calculated at 292 to 365 months, in excess of the 240-month statutory maximum for the crime to which she pled guilty. The court sentenced defendant to the statutory maximum of 240 months.[1] She is presently incarcerated at Pekin FCI and her projected release date is July 29, 2025.

---

[1] In August 2015, the court denied defendant's request for a 5-month sentence reduction based on Amendment 782. Although a reduction was authorized, the court concluded that a reduction was

This matter is now before the court on defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 653). That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* As will be explained, the court concludes that defendant has not exhausted her administrative remedies with respect to the underlying health condition on which she now relies in seeking release. Accordingly, the court must dismiss her motion without prejudice to refiling upon a showing of exhaustion. *See United States v. Springer*, 820 Fed. Appx. 788 (10th Cir. July 15, 2020) (suggesting in dicta that dismissal is required where movant fails to exhaust administrative remedies); *see also United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (holding that dismissal without prejudice is appropriate when compassionate-release movants fail to exhaust administrative remedies).

It is undisputed that defendant submitted a request for compassionate to release to the Warden of her facility and that her request only sought release based on COVID-19 concerns generally. In other words, defendant did not mention any specific health conditions in her request. Moreover, in her pro se motion before this court, defendant does not articulate any underlying health condition as a basis for release; she argues only that general COVID-19 concerns warrant release, particularly in light of the fact that she is in a low-security facility and is not a danger to

---

not warranted. As defendant's sentencing in July 2008, the court noted that it likely would have sentenced defendant to a higher sentence but for the statutory maximum and that defendant received a "good deal" in large part because her lawyer was able to obtain a plea agreement to an offense with a 20-year mandatory maximum sentence.

society. In response, the government contends that she has not exhausted her administrative remedies with respect to any health conditions and that, to the extent her motion is based on COVID-19 generally, the motion must be denied. The government concedes, however, that defendant's medical records indicate that she is obese and that obesity would be an extraordinary and compelling reason sufficient for this court to consider early release under the statute and to trigger consideration of the § 3553(a) factors. In reply, defendant, now represented by the Office of the Federal Public Defender, contends that the obesity issue is properly before the court because her request to the Warden was not required to contain the level of specificity espoused by the government. Defendant does not press her suggestion that general COVID-19 concerns, standing alone, are sufficient to warrant release.[2]

The court begins its discussion with defendant's argument that the court has already rejected the concept of "issue exhaustion" in *United States v. Rucker*, 2020 WL 4365544, at *1 (D. Kan. July 30, 2020). But *Rucker* is distinguishable from the facts here in key respects. In *Rucker*, the defendant included in his request to the warden that he suffered from "a set of medical conditions," including two particular conditions, that made him especially vulnerable to harm from COVID-19. *See id*. The defendant, then, clearly relied on his medical conditions in making his request and identified specific health concerns in that request. *See id*. Because the defendant had articulated certain medical conditions in his request, the court rejected the government's

---

[2] To the extent defendant still advances the argument, the court rejects it. *United States v. Birdsong*, 2020 WL 7316101, at *5 (D. Kan. Dec. 11, 2020) ("While the Court is sympathetic to Birdsong's concerns, generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.").

argument that defendant, in his motion to the court, could not rely on additional medical conditions not specifically identified in his request to the warden.  *See id.*; *accord United States v. Jeffers*, 2020 WL 43100842, at *5 (N.D. Iowa June 11, 2020) (rejecting failure-to-exhaust argument where defendant mentioned in his request that he required "chronic care" in light of high blood pressure and anxiety and relied on diabetes for the first time in his motion; BOP on notice that defendant was seeking release in light of his health).

Here, it is undisputed that defendant did not mention any medical conditions or underlying health issues in her request.  This case, then, presents facts that the court has not addressed with respect to the exhaustion issue.  And when faced with similar facts, courts have come to different conclusions as to whether the defendant has exhausted his or her administrative remedies.  *Compare United States v. Ethridge*, 2020 WL 5531518, at *2 (E.D. Mich. Sept. 15, 2020) (rejecting failure-to-exhaust argument despite the fact that defendant did not identify any medical condition as a basis for release in request to warden and only relied on general COVID-19 concerns; defendant could rely on obesity in motion to the court because he identified the COVID-19 pandemic as a basis for the request and it remained the basis of his motion) *and United States v. Haynes*, 2020 WL 4696601, at *2 (E.D. Mich. Aug. 13, 2020) (rejecting failure-to-exhaust argument where defendant did not specify COVID-19 or any medical condition in his request; court could consider obesity and COVID-19 concerns because "it can be presumed that the BOP was well-aware of at least Defendant's obesity and high blood pressure when his request was denied") *with United States v. Alderson*, 2020 WL 4696599, at *2 (E.D. Mich. Aug. 13, 2020) (dismissing motion for lack of jurisdiction where defendant only referenced COVID-19 pandemic generally in request and cited no medical condition; to hold otherwise would "undermine the

4

statutory scheme of administrative exhaustion that Congress purposefully designed") *and United States v. McNair*, 2020 WL 5036201, at * (D.N.J. Aug. 26, 2020) (defendant did not exhaust administrative remedies where request mentioned good behavior and rehabilitation but no medical condition and motion to court was based on medical conditions; BOP regulations required inmate to identify grounds for release in request).

The court concludes that when a defendant's § 3582(c)(1)(A) request to the warden contains no reference to any medical condition whatsoever, that defendant has not exhausted administrative remedies with respect to medical conditions that form the basis for a motion for compassionate release filed with the court. As the court noted in *McNair*, BOP regulations require that requests for compassionate release be made in writing and contain, at a minimum, "[t]he extraordinary or compelling circumstances that the inmate believe warrant consideration." *McNair*, 2020 WL 5036201, at *3 (quoting C.F.R. § 571.61(a)(1)). In other words, the regulations require the inmate to identify the compelling reasons justifying release. And where agency regulations require issue exhaustion, "courts reviewing agency action regularly ensure against the bypassing of that requirement by refusing to consider unexhausted issues." *Id.* (quoting *Sims v. Apfel*, 530 U.S. 103, 108 (2000)). It is also clear from the language of the First Step Act that Congress intended the BOP to be able to consider requests for compassionate release in the first instance. *See* § 3582(c)(1)(A) (providing that "the court . . ., upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . may reduce the term of imprisonment).

The court does not mean to suggest that the exhaustion requirement should be applied "hyper-technically" and it agrees with those courts that have recognized that a request to the

5

warden need not be identical in detail or specificity to the motion made in court. *See United States v. Knight*, 2020 WL 4059886, at *2 (M.D.N.C. July 20, 2020). Indeed, this court's *Rucker* decision makes that plain. But there "must be a reasonable degree of overlap which gives the BOP a fair opportunity to consider whether to make the motion on the defendant's behalf." *See id.* Here, there is simply no overlap at all. Defendant did not identify any medical conditions in her request or suggest in any way that she was particularly at risk of harm or more susceptible to a severe case of COVID-19. Thus, the BOP did not have an opportunity to consider defendant's belief that she "should be released in light of COVID-19 vis-à-vis [her] medical conditions." *United States v. Matulich,* 2020 WL 3260068, at *3 (D. Nev. July 2, 2020). For these reasons, the court concludes that a defendant who wholly fails to mention any existing medical condition in a request to the warden cannot rely on a medical condition as a grounds for release before the court. *See United States v. Douglas*, 2020 WL 5816244, at *2 (D.D.C. Sept. 30, 2020) (defendant who did not identify any medical conditions in request to warden could not rely on hypertension as grounds for release in motion to court). Because defendant's request to the warden falls squarely within this rule, the court must dismiss the motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 653) is dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2020, at Kansas City, Kansas.


                                                *s/ John W. Lungstrum*
                                              John W. Lungstrum
                                              United States District Judge