IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                    **Case No. 07-20072-05-JWL**

**Clarissa Burgoon,**

        **Defendant.**

## MEMORANDUM & ORDER

In April 2008, defendant Clarissa Burgoon pled guilty to conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i), (h).  After hearing evidence at defendant's sentencing hearing, the court determined that she was responsible for the entirety of the drug quantity attributable to her co-conspirator in the underlying drug conspiracy—more than 33 pounds of methamphetamine.  Using the drug quantity table in § 2D1.1, the court determined that defendant's base offense level was 38, which the court then increased by two points under § 2S1.1(b)(2)(B) and subsequently decreased by two points for acceptance of responsibility for a total offense level of 38.  With a criminal history category of III, the resulting advisory guideline range was calculated at 292 to 365 months, in excess of the 240-month statutory maximum for the crime to which she pled guilty.  The court sentenced defendant to the statutory maximum of 240 months.[1]  She is presently incarcerated at Pekin FCI and her projected release date is July 29, 2025.

---

[1] In August 2015, the court denied defendant's request for a 5-month sentence reduction based on Amendment 782.  Although a reduction was authorized, the court concluded that a reduction was

This matter is now before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 660). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, ___ F.3d___, 2021 WL 1168980, at *5 (10th Cir. Mar. 29, 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*.[2] A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at *6. But when a district court grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in her sentence. The court, then, declines to address the other prerequisites.

In her motion, defendant contends that her obesity renders her particularly vulnerable to an increased risk of serious harm or death from COVID-19. But the record does not support defendant's contention. Significantly, the record reveals that defendant, on December 14, 2020, tested positive for COVID-19. While the medical records indicate that defendant was

---

not warranted. At defendant's sentencing in July 2008, the court noted that it likely would have sentenced defendant to a higher sentence but for the statutory maximum and that defendant received a "good deal" in large part because her lawyer was able to obtain a plea agreement to an offense with a 20-year mandatory maximum sentence.

[2] The government concedes that defendant has exhausted her administrative remedies such that the court has jurisdiction to consider the motion on its merits.

symptomatic when she tested positive, there is no evidence that defendant suffered any serious ill effects as a result of contracting COVID-19.  There is also no evidence in the record that she continues to suffer any lingering effects from the infection or that she requires ongoing medical treatment.  The fact that defendant has already contracted and recovered from COVID-19 cuts against her argument that compassionate release is warranted.  *See United States v. Funez*, 2021 WL 168447, at *3 (D. Colo. Jan. 19, 2021) (finding it significant that the defendant had already contracted COVID-19 and recovered without incident).

Moreover, the medical records reflect that defendant is now fully vaccinated against COVID-19, having received her second dose of the Pfizer vaccine on March 22, 2021.  The Pfizer vaccine is believed to be 95% effective in preventing COVID-19, and "[i]n clinical trial the vaccine was 100% effective in preventing severe disease" from the virus.  *United States v. Jackson*, 2021 WL 1721427, at *2 (M.D. Tenn. Apr. 30, 2021) (quoting www.yalemedicine.org/news/covid-19-vaccine-comparison).  For that reason, several district courts have held that being fully vaccinated by the Pfizer vaccine (or the comparably effective Moderna vaccine) precludes a finding of an "extraordinary and compelling" reason within the meaning of Section 3582(c)(1)(A) when the motion is based on COVID-19 concerns.  *Id*.; *United States v. Cook*, 2021 WL 1589261, at *2 (E.D. Mich. Apr. 23, 2021) ("The court is aware of no scientifically derived evidence showing that there is a material risk of severe complications or death from COVID-19 to fully vaccinated individuals. The remote possibility that Defendant could contract COVID-19 and develop life-threatening symptoms does not warrant the extraordinary remedy of compassionate release."); *United States v. Collier*, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (collecting cases for the proposition that "courts in the Eastern

District of Michigan routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of their fear of contracting COVID-19"); *United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021) (stating that "Defendant is not at high risk of contracting severe COVID-19 because Defendant will have received both doses of the Pfizer vaccine by the time he would be released"); *United States v. Kosic*, 2021 WL 1026498, at *3 (S.D.N.Y. Mar. 17, 2021) ("[C]ourts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that . . . he does not face an extraordinary risk from COVID-19.").

For the foregoing reasons, even assuming that defendant could or would contract COVID-19 a second time,[3] there is no reason to believe she would experience an adverse outcome given her experience in December and her vaccination status. *United States v. Rodriguez-Maciel*, 2021 WL 147985, at *2 (D. Kan. Jan. 15, 2021) (general fear of reinfection not sufficient to warrant compassionate release where defendant recovered from COVID-19); *United States v. Simpson*, 2021 WL 147986, at *2 (D. Kan. Jan. 15, 2021) (same). In sum, defendant has not shown that her obesity constitutes an extraordinary and compelling reason sufficient for this court to consider early release under the statute.

---

[3] See *Reinfection with COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020) (while some reinfections are expected, cases of reinfection with COVID-19 remain rare); *see also United States v. Keys*, 2020 WL 6700412, at *3 (E.D. Cal. Nov. 13, 2020) ("While a CDC representative recently has suggested that based on current evidence reinfections are likely uncommon within 3 months, this observation is not so conclusive so as to provide clarity regarding whether someone who has been infected is immune for any period of time, no matter how brief.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. 660) is denied.

**IT IS SO ORDERED.**

Dated this 3rd day of May, 2021, at Kansas City, Kansas.

_s/ John W. Lungstrum_ _____
John W. Lungstrum
United States District Judge