IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                       Case No. 07-20072-05-JWL

**Clarissa Burgoon,**

      **Defendant.**

## MEMORANDUM & ORDER

In April 2008, defendant Clarissa Burgoon pled guilty to conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i), (h).  After hearing evidence at defendant's sentencing hearing, the court determined that she was responsible for the entirety of the drug quantity attributable to her co-conspirator in the underlying drug conspiracy—more than 33 pounds of methamphetamine.  Using the drug quantity table in § 2D1.1, the court determined that defendant's base offense level was 38, which the court then increased by two points under § 2S1.1(b)(2)(B) and subsequently decreased by two points for acceptance of responsibility for a total offense level of 38.  With a criminal history category of III, the resulting advisory guideline range was calculated at 292 to 365 months, in excess of the 240-month statutory maximum for the crime to which she pled guilty.  The court sentenced defendant to the statutory maximum of 240 months.  She is presently incarcerated at Greenville FCI and her projected release date is July 29, 2024.

In September 2021, the court denied defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) after concluding that she had not come forward with

extraordinary and compelling reasons sufficient to warrant a reduction in her sentence. Specifically, the court rejected defendant's argument that her obesity renders her particularly vulnerable to an increased risk of serious harm or death from COVID-19 because defendant had fully recovered from a COVID-19 infection and, since that time, has been fully vaccinated against COVID-19.

Defendant has now filed a motion for reconsideration (doc. 679) of the court's memorandum and order denying the motion for compassionate release. "Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. (quoting *Servants of Paraclete*, 204 F.3d at 1012). A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Id*. (quoting *Servants of Paraclete*, 204 F.3d at 1012).[1]

---

[1] In her motion, defendant suggests that because the Federal Public Defender, who had been appointed to represent defendant in connection with her request for compassionate release, did not file a reply brief in support of the motion for compassionate release, defendant should be permitted to refile a motion for compassionate release with new counsel appointed to her. Because defendant has clearly articulated her arguments in support of reconsideration, including new arguments which the court has considered, the court denies this request.

2

While defendant briefly revisits her arguments about the COVID-19 pandemic in her motion, she primarily utilizes her motion to raise a new argument in support of her request for release. New arguments, of course, are not a proper basis for reconsideration. *See Servants of Paraclete*, 204 F.3d at 1012 (motions to reconsider are generally an inappropriate vehicle to advance new arguments or supporting facts which were available at the time of the original motion). According to defendant, her sentence was unusually long for a non-violent drug crime and when compared to "average sentences of those sentenced for drug crimes." This court has previously concluded that the statute's exhaustion provision requires that the warden have been given the opportunity to consider the same bases for relief asserted in the motion. *See United States v. Winston*, 2020 WL 9259786, at *1 (D. Kan. July 8, 2020) (Lungstrum, J.); *see also United States v. Burgoon*, 2020 WL 7396914, at *3 (D. Kan. Dec. 17, 2020) (Lungstrum, J.) (there must be a reasonable degree of overlap between the bases cited in the request to the warden and those cited in the motion). As the government points out, defendant has not indicated or shown that she has satisfied the exhaustion requirement with respect to her argument that the length of her sentence or an alleged sentencing disparity constitutes an extraordinary and compelling reason for release. The court, then, cannot consider this argument. Even if the court could consider this argument, it would not find that the length of defendant's sentence constitutes a sufficient basis for compassionate release or that any sentencing disparity exists. While defendant purports to show anecdotally that defendants in other drug cases received either lower sentences or similar sentences for more egregious conduct, there is no suggestion that those defendants were similarly situated to her in terms of drug quantity, criminal history and other pertinent factors. Moreover, defendant has not shown a sentencing disparity as compared to similarly situated defendants in

3

this case. Defendant has not shown that she would not be subject to the same term of imprisonment if sentenced today. In fact, even when the court had the opportunity to lower defendant's sentence pursuant to Amendment 782, it declined to do so in part because the sentence she received was a "good deal." In short, nothing about the length of defendant's sentence warrants compassionate release.

Defendant also continues to emphasize the nature of her rehabilitative efforts while in custody. Generally, the rehabilitation of an inmate during his or her incarceration is not grounds for compassionate release. *See, e.g., United States v. Alvarez*, 2020 WL 4904586, at *5 (E.D.N.Y. Aug. 20, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason.") (emphasis in original); *see also United States v. Saldana*, 807 Fed. Appx. 816, 820 (10th Cir. Mar. 26, 2020) (district court did not err in finding, consistent with § 994(t), that defendant's rehabilitation alone was not an extraordinary and compelling reason for a sentence reduction). And while some courts have found extraordinary and compelling circumstances to exist when presented with applications by defendants who had spent substantial time in prison and had demonstrated significant rehabilitation during that time, those courts also found a specific defect or inequity in the defendant's sentence, *see Alvarez*, 2020 WL 4904586, at *5, such as Congress's decision to eliminate stacked sentencing under § 924(c). *See, e.g., United States v. Nafkha*, 2021 WL 83268, at *4 (D. Utah Jan. 11, 2021) (young age at time of offenses, rehabilitation in prison, good character and elimination of mandatory sentence stacking under § 924(c), considered together, established extraordinary and compelling reasons for compassionate release) (collecting cases). That critical factor is absent from the record here.

Defendant, as noted earlier, has not shown anything objectionable about the length of her sentence or any reason why her sentence would be less if imposed today.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 679) is **denied.**

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge
